Fabricant, Judith, J.
Having reviewed all materials submitted, and considered the arguments of counsel, the Court concludes and rules as follows with respect to the pending motions.
1. The Motions to Vacate or Confirm the Arbitration Award.
Although the factual and procedural background of this dispute is fully reflected in documentary materials submitted, the parties’ memoranda present distinctly different versions. Having carefully reviewed the record, the Court adopts the version set forth in the defendants’ memorandum, which the Court finds to be a fair and accurate summary of the pertinent events as reflected in the documentary record.[2] The parties devote considerable attention to debating whether the Massachusetts Arbitration Act, G.L.c. 251, §12(a), or the Federal Arbitration Act, 9 U.S.C. §10(a), governs the Court’s determination whether to confirm or vacate the arbitration award. As both sides appear to recognize, however, the two statutes establish virtually identical standards and procedures for review of arbitration awards. See e.g., M&L Power Servs, Inc. v. American Networks International, 44 F.Sup.2d 134, 136 (D.R.I. 1999).[3] Under either statute, the standard of review is exceedingly narrow.
A reviewing court is “strictly bound by an arbitrator’s findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing. A matter submitted to arbitration is subject to a very narrow scope of review. Absent fraud, errors of law or fact are not sufficient grounds to set aside an award . . . Even a grossly erroneous [arbitration] decision is binding in the absence of fraud . . . An arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference.” Lynn v. Thompson, 435 Mass. 54, 61-62 (2001) (internal quotations and citations omitted). See also Boston Housing Authy. v. National Conference of Firemen & Oilers, Local 3, 458 Mass. 155, 161 (2010); Weiner v. Commerce Ins. Co., 78 Mass.App.Ct. 563, 565-66 (2011). Compare Nat’l Cas. Co. v. First State Ins. Group, 430 F.3d 492, 496 (1st Cir. 2005) (review of arbitration awards is “extremely narrow and exceedingly deferential”); Bull NH Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) (“Arbitral awards are nearly impervious to judicial oversight”). Under these standards, the Court finds no basis to disturb the arbitration award.
Elwood’s principal challenge to the arbitration award is that the panel was not properly constituted and thus lacked authority because, pursuant to the express terms of Article 12(3) of the parties’ agreement, OneBeacon named Elwood’s arbitrator upon Elwood’s refusal to do so. Elwood’s effort to escape the effect of the agreement rests on the same theory it asserted in its previous action: that it was not obligated to name an arbitrator because the arbitration demand came from Resolute, rather than OneBeacon, or at least that the source of the demand was open to doubt until after the hearing on the motion for preliminary injunction, when OneBeacon’s counsel clarified the point. The Court rejects that theory, for the same reasons the undersigned expressed in dismissing Elwood’s prior action, and Judge Neel expressed in denying Elwood’s motion for a preliminary injunction in the prior action: Attorney Knoerzer’s letter left no *82 room for any good faith doubt that he made the arbitration demand on behalf of OneBeacon.[4] Elwood’s obligation, upon receipt of the demand, was to name its arbitrator within the one month specified in the agreement. Had it done so, it could then have presented any genuine concern it may have had regarding Attorney Knoerzer’s authority, or the roles of Resolute and OneBeacon, to the arbitration panel for resolution.
Elwood’s refusal to act in accord with the agreement subjected it to the consequences expressly specified in the agreement: OneBeacon was entitled to select Elwood’s arbitrator. See Universal Reinsurance Corp. v. Allstate Insurance Co., 16 F.3d 125, 129 (7th Cir. 1993) (enforcing similar provision, despite inadvertence and brevity of delay and lack of prejudice to opposing party). New England Reinsurance Corp. v. Tennessee Ins. Co., 780 F.Sup. 73, 77-78 n. 11 (D.Mass 1991), on which Elwood relies, does not assist its position.[5] The Court there excused the responding party’s inadvertent eight-day delay in notifying the demanding party of its selection, noting the lack of any indication “that the parties intended time to be of the essence.” Id. at 77. Here, as in Universal Reinsurance Corp., 16 F.3d at 129 n.l, although the agreement does not expressly state that “time is of the essence,” it indicates the parties’ intention to that effect by setting a series of short deadlines, under which the entire case is to be submitted to the panel within three months of the initial demand. In the face of that contractual time scheme, Elwood did not merely delay, briefly and inadvertently as did the respondents in both Universal Reinsurance Corp. and New England Reinsurance Corp.; it deliberately refused to act in response to the demand. The record indicates that Elwood took a calculated risk. It is in no position to complain of the consequences of its choice.
Elwood also contends that the panel, in proceeding on a summary basis, denied it a fair opportunity to be heard, to take discovery, or to present evidence. It is sufficient to say that the record does not support these contentions. To the contrary, the record indicates that the panel provided Elwood repeated opportunities to present its position, to submit any evidence it chose, and to identify any discovery it considered necessary. Elwood’s refusal to take full advantage of those opportunities does not provide a ground to vacate the award.[6] Compare Hague v. Piva, 61 Mass.App.Ct. 223, 225 (2004) (award vacated where arbitrators refused to hear any evidence relating to counterclaims).
Elwood finally contends that the panel exceeded its authority in that it refused to apply Massachusetts law in two respects: it awarded damages on claims that Elwood contends were barred by the Massachusetts statute of limitations; and it awarded attorneys fees in violation of G.L.c. 251, §10. Elwood’s theory that the panel was bound to apply Massachusetts substantive law rests on the last sentence of Article 12(1), which provides that “(t]he seat of the Board of Arbitration shall be in Boston, Massachusetts.” The Court is not persuaded that this language expresses a choice of Massachusetts law for substantive purposes. Baxter Health Care Corp. v. Harvard Apparatus, 35 Mass.App.Ct. 204, 205 (1993), which Elwood cites, construed similar language not as a choice of law provision, but as “conferring jurisdiction upon the courts of the Commonwealth to enter judgment upon the award, with venue in Suffolk County.” Id.[7] In New England Energy Inc. v. Keystone Shipping Co., 855 F.2d 1, 3 (1st 1989), the agreement provided for arbitration “pursuant to the laws relating to arbitration there in force”; on that basis, the Court applied Massachusetts law regarding arbitration procedure; the decision does not address any question of choice of substantive law.
More significant to the choice of law question, at least with respect to the statute of limitations issue, are the third and fourth sentences of Article 12(4): “The Board shall interpret this Agreement rather as an honorable engagement than as a merely technical legal obligation. It shall be relieved from all judicial formalities and may abstain from following the strict rules of law.” This language frees the panel from technical constraints under any body of substantive or procedural law, authorizing it to do substantial justice in the circumstances, according to the professional judgment of its members.[8] See National Cas. Co. v. First States Ins. Group, 430 F.3d 492, 497-98 (1st Cir.2005) (applying similar language, “which so fully signs over to the arbitrators the power to run the dispute resolution process unrestrained by the strict bounds of law or of judicial process,” that “a pariy will have great difficulty indeed making the showing, requisite to vacatur, that their rights were prejudiced”).
Moreover, the record reveals that the panel did not ignore Elwood’s arguments regarding the statute of limitations under Massachusetts law, or disregard the legal principles cited. To the contrary, it gave both sides full opportunity to present documentation of the factual basis of their positions on the issue, and to make their arguments, and both did, Elwood contending that the statute of limitations barred certain claims, and OneBeacon offering theories as to why it did not. The panel received both sides’ submissions, and ruled in favor of OneBeacon. As discussed supra, the Court is not authorized to review that ruling for legal error. See Advest, Inc. v. McCarthy, 914 F.2d 6, 10 (1st Cir. 1990) (for a Court to vacate an arbitration award based on violation of law, “there must be some showing in the record, other than the result obtained, that the arbitrators . . . appreciated the existence of a governing legal rule but wilfully decided not to apply it”) (internal quotations and citations omitted).
What remains is the panel’s award of attorneys fees for the arbitration proceeding.[9] As noted supra, the Massachusetts Arbitration Act, c. 251, §10, excludes *83 attorneys fees from the relief arbitrators are authorized to award, absent a “special agreement to the contrary” between the parties. Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 101 (1980).[10] The Federal Arbitration Act, 9 U.S.C. §1 etseq., establishes no such exclusion. The agreement provides that “each party shall pay the fee of its own arbitrator and half the fee of the umpire, and the remaining costs of the arbitration shall be paid as the Board shall direct.” The agreement does not identify the “costs” to which it refers, but both sides apparently understood it as authorizing an award of attorneys fees, since each included a request for such fees in its position statement. The panel relied on federal law to grant fees, noting that the relationship between the parties “involves international commerce,” since Elwood is based in Bermuda. In light of the cited language of the agreement, the parties’ mutual requests, and the interstate character of the parties’ relationship, the Court cannot conclude that the panel exceeded its authority in applying federal, rather than Massachusetts law on this point. The Court will therefore confirm the arbitration award in its entirety.[11]
2. Defendants’ Motion to Dismiss.
The discussion supra resolves count I of Elwood’s complaint, which seeks to vacate the arbitration award. Counts II and III, alleging tortious interference with contract and violation of G.L.c. 93A by Resolute, are indistinguishable from the corresponding claims Elwood asserted against Resolute in no. 09-1630, and must be dismissed for the same reasons as those claims.[12]
3. Defendants’ Motion to Require Plaintiff to Post Pre-Pleading Security.
General Laws c. 175B, §3(a), requires, subject to specified exceptions, that an “unauthorized foreign or alien insurer” post a bond sufficient to cover any potential judgment against it before it may be permitted to plead in defense of “any action, suit or proceeding instituted against it.” Elwood is incorporated in Bermuda, and not licensed in Massachusetts. Although Elwood initiated this action, it is the defendant with respect to OneBeacon’s counterclaim for confirmation of the arbitration award. On that basis, One-Beacon contends that the Court should require Elwood to post a bond, sufficient to cover the arbitration award, before the Court considers Elwood’s objections to the award. See, e.g., John Hancock Property & Cas. Ins. Co. v. Universal Reinsurance Co., 147 F.R.D. 40 (S.D.N.Y. 1993) (applying analogous New York statute in proceeding to confirm arbitration award).[13] Elwood responds that the statute does not apply because it is the plaintiff in this action, not the defendant.
The apparent purpose of the statute is to protect a party who seeks recovery from an insurer from the burden of litigation that may result in an uncollectible judgment. When the insurer initiates litigation seeking a judgment in its favor, that purpose has no application. The statutory purpose does apply, however, where, as here (at least with respect to the principal parties, Elwood and OneBeacon)', the function of the litigation is to vacate or confirm an arbitration award against the insurer. In this context, the roles of plaintiff and defendant are more formal than substantive; regardless of who sued first, the possible outcomes are the same: either OneBeacon will obtain a monetary judgment against the insurer, or not. Thus, OneB-eacon is in the same position as the potential plaintiff the statute seeks to protect.
In this circumstance, in the Court’s view, the statute dictates that Elwood post a bond before being permitted to pursue, by further litigation, its effort to avoid confirmation of the arbitration award. Accordingly, the Court will order that, before any notice of appeal from the judgment of confirmation will be received for filing, Elwood must post a bond in the full amount of the arbitration award, plus interest to the date of the judgment.[14]
CONCLUSION AND ORDER
For the reasons stated, on count I of the plaintiffs complaint and defendant OneBeacon’s counterclaim, Defendant OneBeacon America Insurance Company’s Application to Confirm Arbitration Award is ALLOWED, and the Application of Plaintiff Elwood Insurance Limited to Vacate Arbitration Award is DENIED. Judgment shall enter on count I of the complaint and on OneBeacon’s counterclaim confirming the arbitration award in its entirety. Defendants’ Motion to Dismiss the Complaint is ALLOWED with respect to counts II and III of the complaint; judgment of dismissal, with prejudice, shall enter on those counts. OneBeacon’s motion to require Plaintiff to Post Pre-Pleading Security is ALLOWED; no notice of appeal from the judgment confirming the arbitration award shall be received for filing until Elwood shall have posted a bond in the amount of the arbitration award plus interest to the date of the judgment.

One point warrants clarification. This Court dismissed Elwood’s previous action, no. 09-1630, because, as the Court explained on the record in open court at the hearing on the motion to dismiss, the Court concluded that Elwood’s complaint in that action failed to state a claim on which relief could be granted. In brief, the Court determined that Attorney Knoerzer’s letter demanding arbitration, on its face, left no room for any good faith doubt that the demand was made on behalf of OneBeacon, and that Resolute’s alleged conduct, in its capacity as OneBeacon’s servicing agent, in causing its attorney to demand arbitration on behalf of OneBeacon, did not constitute either tortious interference with contract or violation of G.L.c. 93A. Prematurity was not any part of the ground for the Court’s ruling. Similarly, Judge Neel’s decisión denying the motion for preliminary injunction in that action does not indicate that prematurity was any part of the ground for his ruling.

Nhe one significant difference relates to the award of attorneys fees, which the Court will address further infra.

By offering mediation in the same letter in which he purported to question the source of the arbitration demand, Elwood’s attorney unequivocally expressed his recognition on the point.

Loche v. Dean Witter Reynolds, Inc., 26 Mass.App.Ct. 296, 305 (1988), also does not assist Elwood. That case presented a serious legal question of arbitrability for judicial resolution, on which the responding party prevailed in the trial court, although the Supreme Judicial Court ultimately ordered arbitration. In that circumstance, the Court ruled, the respondent’s initial refusal to arbitrate did not waive his privilege of selecting an arbitrator once the issue of arbitrability was resolved. The Court noted further that strict enforcement of the contractual waiver provision “in what seems to be a contract of adhesion” might violate “public policy and general equitable considerations.” Id., n.ll. The contract involved here, between sophisticated business entities, is hardly one of adhesion, nor has arbitrability ever been open to doubt.

It bears noting that Elwood’s submissions to this Court, like its submissions to the arbitration panel, fail to identify any information it contends it would have elicited in discovery, or any evidence it was prevented from presenting to the panel.

No party has disputed this Court’s jurisdiction to rule on the applications to vacate or confirm the award.

The contractual requirement that the members be “executive officers of insurance companies” may suggest an intention that the panel apply norms in the insurance industry. The absence of any requirement that they be lawyers is consistent with that reading, and inconsistent with a construction that would require strict application of rules of law relating to such matters as statutes of limitations.

The panel awarded some, but not all, of the amounts OneBeacon claimed for this purpose.

 G.L.c. 251, §10, provides that ”[u]nless otherwise provided in the agreement to arbitrate, the arbitrators’ expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.”

The Court does not address Elwood’s two-sentence argument that the panel exceeded its authority by holding its hearing in New York, rather than Boston, because the record reveals that Elwood agreed to that location, indeed offering the use of its own New York office.

The parties devote much attention to arguments about whether the dismissal of that action was with or without prejudice, and whether it constitutes a bar to Elwood’s corresponding claims in this action under the doctrine of res judicata or claim preclusion. The Court views these arguments as beside the point. Counts II and III fail to state a claim, and therefore must be dismissed, for the same reasons that the corresponding counts in the previous action failed to state a claim: the conduct alleged against Resolute—causing its attorney to demand and prosecute arbitration, pursuant to an agreement providing for arbitration, on behalf of its claims-servicing client—does not constitute either tortious interference with contract or violation of G.L.c. 93A.

Neither party has identified any case law applying the Massachusetts statute, nor has the Court.

The motion to require pre-pleading security would logically have been addressed before Elwood was permitted to file an answer to the counterclaim for confirmation of the award, and before the filing of, or consideration of, cross-applications to vacate and confirm. It appears, however, that the motion was filed after the answer to the counterclaim, and contemporaneously with the motion to dismiss and the cross-applications. The Court received the papers filed in connection with all the motions and applications at the same time, and heard argument on all together. In this context, an order that Elwood post a bond before the Court would consider the parties’ positions as to the arbitration award would likely accomplish nothing more than delay and duplication of the Court’s efforts.