NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-157

MARGARET TATULLI

vs.

AVALONBAY COMMUNITIES, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Margaret Tatulli, brought this action against the defendant, AvalonBay Communities, Inc. (AvalonBay), claiming on behalf of herself and other similarly situated tenants that AvalonBay violated G. L. c. 186, § 15, and breached the rental lease and the implied covenant of good faith and fair dealing.  Tatulli moved for class certification pursuant to Mass. R. Civ. P. 23, as amended, 471 Mass. 1491 (2015), and a judge in the Superior Court (motion judge) denied the motion. Following a bench trial, a second judge (trial judge) issued findings of fact, rulings of law, and order for entry of judgment.  The trial judge concluded that AvalonBay violated G. L. c. 186, § 15B, the rental lease, and public policy in

several ways, including by failing to list the lessor's name on the security deposit receipt, failing to accurately list the account number the deposit was placed into, conditioning the return of the security deposit on a thorough cleaning of the unit such that routine cleaning expenses associated with reletting will be charged to the tenant, setting forth the required advisory notice in a font smaller than required, subtracting costs for routine apartment and carpet cleaning from the security deposit, making an erroneous deduction for outstanding rent, and failing to provide an itemized list of damages signed under the pains and penalties of perjury. Judgment entered in favor of Tatulli for $45,901.89 in damages, prejudgment interest, statutory costs, and attorney's fees.

Tatulli now appeals from the judgment, claiming error in motion judge's denial of her motion for class certification. Although Tatulli's individual claims are moot because judgment entered in her favor, she may still appeal from the denial of class certification. Gammella v. P.F. Chang's China Bistro, Inc., 482 Mass. 1, 19 (2019). We review the denial of a class certification motion for abuse of discretion. Layes v. RHP Props., Inc., 95 Mass. App. Ct. 804, 821-822 (2019). "An abuse of discretion may be found if the motion judge relies on improper factors, engages in action that is 'arbitrary,

2

unreasonable, or capricious,' or commits legal error." Id. at 822, quoting Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 361 (2008).

Where a landlord has engaged in a policy or consistent practice of mishandling the receipt, safeguarding, and return of security deposits used in the lease of residential property, class certification may be an appropriate vehicle for resolving tenants' claims, provided that the requirements of rule 23 (a) and (b) are satisfied. Tatulli has not provided us with a sufficient record to review the motion judge's denial of her motion for class certification. The order denying class certification stated: "[T]he plaintiff has not demonstrated that her claims are typical of the claims of the purported class or that she will fairly and adequately represent the interests of the class or that she raises questions of law and fact which are common to the proposed class." The motion judge held a hearing on Tatulli's motion for class certification prior to denying it, but there is no transcript of that hearing in the record.

It is the appellant's "burden . . . in the first instance to furnish a record that supports [his or her] claims on appeal." Arch Med. Assocs. v. Bartlett Health Enters., 32 Mass. App. Ct. 404, 406 (1992). "[The] appellant's obligation to

3

include those parts of the trial transcript and copies of motions 'which are essential for review of the issues raised on appeal . . . is a fundamental and long-standing rule of appellate civil practice'" (citation omitted). Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). Furthermore, "[e]rrors that are not disclosed by the record afford no basis for reversal." Arch Med. Assocs., supra. Because Tatulli did not provide a hearing transcript, we are unable to discern the bases for the motion judge's conclusions that she failed to satisfy the commonality, typicality, and adequacy-of-representation requirements of rule 23 (a). Accordingly, we cannot determine whether the motion judge abused his discretion in reaching those conclusions.

Tatulli also contends that the judge erred in not allowing her to conduct class discovery, but that claim is waived because she did not file a motion seeking class discovery. Tatulli initially sought discovery relating to other tenants' potential claims against AvalonBay. In response, AvalonBay moved for a protective order, Tatulli did not oppose the motion, and the judge granted the protective order. In connection with her motion for class certification, Tatulli requested that the motion judge schedule a status conference to address issues of class discovery, but there is no indication in the record that

4

she actually requested class discovery or that the motion judge denied such a request.  Because Tatulli did not properly preserve the issue of class discovery for appeal, it is waived. See Weiner v. Commerce Ins. Co., 78 Mass. App. Ct. 563, 568 (2011).

Judgment affirmed.

By the Court (Henry, Smyth & Toone, JJ.[1]),

Clerk

Entered:  March 7, 2025.

---

[1] The panelists are listed in order of seniority.

5