PLYMOUTH-CARVER REGIONAL SCHOOL DISTRICT *vs.* J. FARMER & CO., INC., & another.[1] May 17, 1990. *Arbitration*, Authority of arbitrator, Judicial review.

The defendants appeal from a decision of the Superior Court denying their motions to confirm an arbitrator's award and granting the plaintiff's motion to vacate that award. The defendants assert that the judge erred in substituting her judgment for that of the arbitrator in the interpretation of a provision in a contract between Farmer and Marden. We allowed Farmer's application for direct appellate review. We agree with the defendants. We reverse and remand to the Superior Court for confirmation of the arbitrator's award.

The plaintiff awarded a contract to Marden to construct a new regional high school. Marden awarded the landscape subcontract to Farmer. The contracts between the plaintiff and Marden and between Marden and Farmer each contained an "all claims and disputes" arbitration clause. A dispute arose between Farmer and Marden over a requirement by the plaintiff that seeded areas be maintained indefinitely.

Farmer demanded arbitration against Marden "for performing increased maintenance" and "for increased cost of labor and materials to perform the seeding and planting out of sequence and beyond the contract completion date." Marden, in turn, demanded arbitration against the plaintiff for "all sums recovered by Farmer against Marden, together with

---

[1]Edward R. Marden Corporation.

applicable markup, bond cost, and increased cost of overhead, administration and other items incurred by Marden relating to this claim." The arbitrations were consolidated, hearings held, and the arbitrator awarded $75,000 to Marden, $70,000 of which was to be paid to Farmer. The arbitrator stated no reasons for his award. The plaintiff petitioned to vacate the award as being in excess of the arbitrator's authority. The judge, after hearing, agreed with the plaintiff and vacated the award. The defendants appeal, claiming that the judge's ruling was error. We agree. We reverse.

A matter submitted to arbitration is subject to a very narrow scope of review. Absent fraud, errors of law or fact are not sufficient grounds to set aside an award. See *Trustees of Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 386, 390 (1973). "Even a grossly erroneous decision is binding . . . ." *Id.* Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on "fraud, arbitrary conduct, or procedural irregularity in the hearings." *Marino* v. *Tagaris*, 395 Mass. 397, 400 (1985), quoting *Greene* v. *Mari & Sons Flooring Co.*, 362 Mass. 560, 563 (1972). "To do otherwise would undermine the predictability, certainty, and effectiveness of the arbitral forum that has been voluntarily chosen by the parties," *Marino, supra* at 400. The policy of limited judicial review is reflective of the strong public policy favoring arbitration as an expeditious alternative to litigation for settling commercial disputes. *Danvers* v. *Wexler Constr. Co.*, 12 Mass. App. Ct. 160, 163 (1981), quoting *Quirk* v. *Data Terminal Syss., Inc.*, 379 Mass. 762, 767 (1980) (purpose of G. L. c. 251, governing arbitration, is to provide further speedy resolution of disputes by a method which is "not subject to delay and obstruction in the courts").

The judge ruled that the award exceeded the arbitrator's authority. We do not agree. An arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement, see *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87 n.2 (1977), by awarding relief beyond that to which the parties bound themselves, see *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Auth.*, 392 Mass. 407, 411 (1984), or by awarding relief prohibited by law. See *Marlborough* v. *Cybulski, Ohnemus & Assocs.*, 370 Mass. 157, 160 (1976). "Arbitration, it is clear, may not 'award relief of a nature which offends public policy or which directs or requires a result contrary to express statutory provision' [citation omitted], or otherwise transcends the limits of the contract of which the agreement to arbitrate is but a part." *Lawrence* v. *Falzarano*, 380 Mass. 18, 28 (1980). None of these factors is present in this case.

"The question of interpretation of the agreement is for the arbitrator and mere ambiguity in the [arbitrator's] opinion is not a reason for refusing to enforce the award, even when it permits the inference of a want of authority." *Morceau* v. *Gould National Batteries, Inc.*, 344 Mass. 120, 124 (1962). The judge based her ruling on the fact that the contract had a no damages for delay clause. The arbitrator could have found that that

clause was modified or waived or that the award was not for delay damages but for an increased requirement for maintenance. The case relied on by the judge, *Grobet File Co. of Am., Inc.* v. *RTC Syss., Inc.*, 26 Mass. App. Ct. 132, 135 (1988), does not warrant her ruling vacating the award. Although that case recognizes that an arbitrator may not award damages beyond a limit clearly established by the contract, "the limiting boundaries . . . must be set forth with clarity, and the limiting words must be plain. If there is room for doubt or interpretation on the question, then the issue properly lies within the broad authority conferred upon arbitrators of civil disputes." *Id.* at 135. The interpretation of the contract was for the arbitrator.

This matter is remanded to the Superior Court for entry of a judgment confirming the arbitration award.[2]

*So ordered.*

*Peter J. Gagne* for J. Farmer & Co., Inc.
*John W. Fieldsteel* for Edward R. Marden Corporation.
*John H. Wyman* for the plaintiff.


---

[2]On the result we reach, we do not discuss the defendants' other claims of error.