Barrett, J.
This matter is before the court on an application to vacate an arbitrator’s award. The matter has a rather lengthy and detailed history. Rather than restate this history, the decision of the arbitrator is attached hereto as Exhibit A. The plaintiff contends that the arbitrator’s award must be vacated because the arbitrator exceeded his authority by 1) requiring the City to violate c. 653 of the Acts of 1989; 2) enforcing an invalid “parity” clause; and 3) failing to consider and apply external law and precedent.
A matter submitted to arbitration is subject to a very narrow scope of judicial review. This scope of review is clearly set out in the case of Plymouth-Carver Regional School District v. J. Farmer & Co., Inc., 407 Mass. 1006, 1007 (1990). “Absent fraud, errors of law or fact are not sufficient grounds to set aside an award (citations omitted). Even a grossly erroneous decision is binding ...” Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on “fraud, arbitrary conduct or procedural irregularity in the hearings” (citations omitted).
The City’s first contention is that the award required the City to violate c. 653 of the Acts of 1989. The difficulty with this contention is that under the referenced act an exception was provided with respect to the ten percent charge for premium costs “. . . where such percent contribution is determined by a collective bargaining agreement as of the effective date of this act ...” The arbitrator determined that the collective bar *437 gaining agreement in place containing a greater benefit clause fell within the statutory exception. If the arbitrator is correct in this decision, then clearly the plaintiff is not required to violate the act. It is only in the event that the arbitrator is incorrect that the plaintiff would be required to forego the ten percent charge to the collective bargaining unit here at issue. This is not a case where the arbitrator ordered a party to clearly violate a law. On the contrary, in this case he ordered, whether mistaken or not, the plaintiff to comply with the law as he saw it. It seems to the court that the plaintiffs argument can be made in every arbitration case where the correctness of the arbitrator’s award is challenged by one party or the other and where a statutory duty is involved. In this respect, the arbitrator did not exceed the scope of his authority.
The second contention raised by the plaintiff is that the arbitrator, in effect, interpreted incorrectly a “parity” clause in Article 15(a) of the collective bargaining agreement between the plaintiff and the defendant. The operative language reads as follows: “If greater benefits are adopted for other city employees, such increased benefits shall be granted to employees under this agreement.” The argument goes that the fire fighters of the plaintiff city were found in a proceeding before the Massachusetts Labor Commission, that was appealed unsuccessfully to the Supreme Judicial Court, not to be required under the specific language of that unit’s collective bargaining agreement to contribute the ten percent to the insurance costs. The defendants argue that since greater benefits were thus provided to other city employees, under the language previously quoted, it is entitled to these benefits as well. The arbitrator agreed with the defendants’ contention and held that even though the plaintiff did not voluntarily agree to provide these benefits to the fire fighters of the plaintiff city, this was within the term “adopt” used in Article 15. The short answer to this is that this is not an adoption by the plaintiff city. The determination that the language of the firemens’ collective bargaining agreement provided for this benefit was imposed upon the city and was, in no way, voluntarily accepted by it. The word “adopt” to quote, in part, Webster’s Third International Dictionary means “. . .to take by full choice into a close relationship previously not existing . . . ; to take voluntarily.” It stresses the concept of the voluntary embracing of another’s concept or practice. Clearly, this was not the situation here since the plaintiff was required by Massachusetts Labor Commission not to charge the firemen any part of the insurance premiums. This analysis is certain supported, if not compelled, by Swampscott Education Association v. Town of Swampscott, 391 Mass. 864, 867 (1984).
This raises the difficulty that there is an error on the part of the arbitrator which was clearly within the scope of his authority and beyond the review power of this court. However, as the court noted in the Plymouth-Carver case, even a grossly erroneous decision of an arbitrator is binding on the parties.
The plaintiff also argues that “parity” clause was invalid. It claims that the clause, by requiring parity between the benefits received by the police and fire departments, violates the teaching of a number of Massachusetts Labor Commission cases which have considered this issue. There is no case by a higher authority in this Commonwealth relative to whether a parity clause does, in fact, violate the law by placing improper pressures on the collective bargaining process by forcing both parties to take into account the requirements of employees in other units or even of employees in other organizations. Again, the court is confronted by whether the failure of the arbitrator to determine that the parity clause is invalid is the kind of error, if it is error, that this court can deal with, given the limited scope of review. It seems to the court that this again would come under the heading of errors of law beyond reach of the review of this court. Consequently, the court rejects this contention by the plaintiff.
Finally, for reasons that the arbitrator articulates on page nine of his decision he “. . . specifically and intentional [sic] decline to make any decision or offer any opinion concerning the effect of external law.” This statement in the arbitrator’s decision is the court’s greatest concern. It sounds very much as though the arbitrator has chosen to consider the matter referred to him without reference to the light that the law sometimes casts on matters. It does seem to the court that a reading of the decision in the Swampscott Education case, previously cited, would have been of great assistance to the arbitrator in determining that the term “adopt” did have an element of voluntariness necessarily implied therein. Again, consultation with Webster’s Dictionary would have been of some significant assistant to the arbitrator as well and yet he chose to ignore these authorities that would have been of great benefit to him. One may legitimately wonder whether this falls within the scope of “arbitrary conduct” described by the Supreme Judicial Court in Plymouth-Carver Regional School District v. Farmer case. Perhaps the time has come that, through the appellate process, this matter and other matters previously described in this decision be resolved with finality.
From the viewpoint of this court, however, having in mind the strong public policy favoring arbitration, and the consequent very narrow scope of review, such errors, if errors they are, fall within the range of the nonreviewable actions of the arbitrator.
ORDER
In light of the foregoing, the court orders that the complaint be dismissed.