Kern, J.
The plaintiff, the International Brotherhood of Correctional Officers Local R1-101 (“IBCO”) is seeking judicial review of an arbitration award. Defendant, Commonwealth of Massachusetts Department of Correction (“DOC”), pursuant to Mass.R.Civ.P. 12(c), has moved for judgment on the pleadings. For the following reasons, the motion is ALLOWED and the arbitrator’s award is confirmed.
*106 FACTUAL AND PROCEDURAL BACKGROUND
IBCO is the certified bargaining representative for all captains employed by DOC, including Captain Joan Brennan (“Brennan”). Brennan was injured in the performance of her duties on October 20, 1990 as result of inmate violence within the meaning of G.L.c. 30A, §58 (“assault pay”).[1] As a result of the injuries she sustained, Brennan was incapacitated and absent from work from May 27, 1999 through March 13,2000 and then again from September 12, 2000 to the date of the arbitrator’s award. The parties disagree as to the calculation of assault pay that is due to Captain Brennan. The parties agreed to process the grievance in accordance with the collective bargaining agreement (“the Agreement”).
The matter was submitted to an arbitrator. The arbitrator issued an award on May 24, 2002, concluding, inter alia, that DOC was not obligated under G.L.c. 30, §58 or its present contract to pay Brennan overtime compensation as part of her “regular salary.”
IBCO filed this action, seeking a judgment vacating or modifying or correcting the arbitrator’s decision and in Count II requesting that this court enter a declaratory judgment that overtime hours regularly and consistently worked by DOC captains are part of the captain’s regular salary within the meaning of the statute. DOC filed a counterclaim, requesting this court confirm the arbitrator’s award pursuant to G.L.c. 150C, §10. The parties agree that a Rule 12(c) judgment on the pleadings is appropriate under these circumstances.
On February 12, 2000, IBCO filed a grievance with DOC, pursuant to G.L.c. 30, §53, requesting that in addition to the assault pay Brennan was receiving, she be compensated for five hours of overtime each week because she regularly worked that overtime. After a hearing, DOC denied the grievance. IBCO appealed to the Massachusetts Human Resource Division on March 28, 2000. When this appeal was denied, the matter was submitted to arbitration.
The arbitrator heard testimony from a number of DOC captains in addition to Brennan, as well as from Jeannie Hopkins (“Hopkins”) the Director of Payroll for the DOC for the past 18 years. Some captains testified that they received pay for overtime whether or not they worked for it up to five hours per week. Others, like Brennan herself, testified that they only received overtime pay when they worked for it. Prior to her incapacitation, Brennan worked an additional 2.5-5 hours of overtime per week. All the captains agreed that they did not receive overtime pay when they were on vacation or out on sick leave.
Hopkins testified, according to the arbitrator’s report, that “the practice for DOC has been that if an employee is out of work due to a work related injury they are paid the same as if they are on an authorized leave of absence. In these situations employees are paid longevity and education benefits. Employees have not been paid for roll-call pay, or any lost overtime as these payments are based on an employee actually working the time.”
The arbitrator concluded “the terms ‘regular salary’ set forth in Ch 30 Section 58 and which are contained in Article 8P [of the Agreement] do not encompass an employee’s overtime compensation. Therefore [DOC] did not violate the Agreement when it did not include Captain Brennan’s overtime compensation when determining her assault pay. Accordingly, the grievance must be denied.” IBCO then brought this action to vacate the award, pursuant to G.L.c. 150C, §11.
DISCUSSION
This court is permitted only a very narrow scope of review of an arbitration award. “Absent fraud, errors of law or fact are not sufficient grounds to set aside an award.” Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990). “Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on ‘fraud, arbitrary conduct, or procedural irregularity in the hearings.’ ” Massachusetts Highway Department v. American Federation of State, County and Municipal Employees, Council 93, 420 Mass. 13, 15 (1995) (citations omitted).
“Even a grossly erroneous [arbitration] decision is binding in the absence of fraud.” City of Lynn v. Thompson, 435 Mass. 54, 61-62 (2001) (citation omitted). “An arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet it may not be subject to court interference.” Id. at 62 citing Delta Air Lines Inc. v. Air Line Pilots Ass’n. Int’l., 861 F.2d 665, 670 (11th Cir. 1988), cert. denied, 493 U.S. (1989).
Vacation of arbitration awards is limited to the grounds set forth in G.L.c. 150 C, §11. Plaintiff argues that the arbitrator in the case at bar violated § 11 (a) (3)[2] by rendering a decision that compels DOC to commit an act or engage in conduct prohibited by law, as well as against public policy. To apply this exception, the public policy in question “must be well defined and dominant, and is to be ascertained by reference to the laws and legal precedent and not from general considerations of supposed public interests.” Lynn v. Thompson, 435 Mass. 54, 63 (2001) (citations omitted). IBCO argues that the “clear public policy” underlying the statute authorizing assault pay is to insure that corrections officers not be penalized and receive only workers’ compensation benefits when they are injured by the violence of inmates or patients in their custody. Rather, DOC must supplement those benefits up to the full amount of the officers’ regular pay. IBCO goes on to argue that since Captain Brennan had been regularly working five hours overtime eveiy day, she was regularly receiving that compensation and therefore it was against public policy for the arbitrator to *107 find that the overtime pay was not a part of Captain Brennan’s regular pay in calculating assault pay.
Even if the arbitrator was wrong in finding, as a matter of fact or law, that regular pay did not include overtime pay, this court cannot vacate the arbitrator’s award without a showing of fraud. “An arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference.” Lynn, 435 Mass. at 62 (citation omitted). “Even a grossly erroneous decision is binding in the absence of fraud.” Id.
The Lynn case is instructive in this regard. There the Court was clearly troubled by the fact that the arbitrator’s finding that a police officer who broke a woman’s arm while attempting to restrain her was engaging only in “conduct unbecoming an officer” and his requirement that the City of Lynn reinstate him. This was the second time this officer had seriously injured citizens with whom he was dealing in the performance of his duties. Both the Superior Court judge and the Appeals Court held that the reinstatement of the police officer would violate public policy, and therefore that the arbitrator’s award could be set aside. The Lynn Court held that they “did so only by the expedient of ignoring the arbitrator’s finding that [the officer] had not used excessive or unnecessary force.” Id. “One may well take issue with the arbitrator’s analysis. The conclusion that an officer, whose record includes a civil rights judgment against himself and the city for excessive force (including an award of $30,000 in punitive damages), nevertheless has an unblemished record because another arbitrator determined that [the officer] should not be disciplined for that incident, appears notably unsound. Similarly, the conclusion that force sufficient to break a person’s arm, even the arm of a person with fragile bones, is not ‘excessive’ when the person does not even pose a current danger to the officers is a conclusion that seems indefensible. Finally, common sense would dictate that the city would not voluntarily pay [the woman who’s arm was broken] $350,000 to settle her civil rights claim unless there were significant evidence supporting that claim. Yet we are not free to ignore the arbitrator’s conclusions merely because they appear unsound, poorly reasoned, or otherwise flawed.” (Emphasis added.) Lynn, 435 Mass at 64. If the Court in Lynn could not set aside the arbitrator’s express determination that the officer’s conduct did not involve excessive force, this court cannot set aside the arbitrator’s express determination that regular pay pursuant to G.L.c. 30, §58 does not include overtime pay.
ORDER
For the foregoing reasons, Defendant’s Motion for Judgment on the Pleadings is ALLOWED and the case is dismissed.

 . .. an employee, who while in the performance of duty, receives bodily injuries resulting from acts of violence of patients or prisoners in [her] custody, and who as a result of such injuiy would be entitled to benefits [under the workers’ compensation act] shall be paid the difference between the weekly cash benefits to which [she] would be entitled [under that act] and [her] regular salary ...”

 “[T]he arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by state or federal law[.]”