Curran, Dennis J., J.
Each party has moved for summary judgment after an arbitration award; the City asks the Court to vacate that decision as against public policy and violative of the law, claiming that a Chief of Police has the inherent managerial right to assign and deploy his officers; the union, on the other hand, asks the Court to affirm the arbitration decision by way of its counterclaim. For the reasons that follow, and after a hearing, the defendant union’s motion must be ALLOWED.
Introduction
This case involves the enforceability under G.L.c. 150C of an arbitration award arising from a collective bargaining agreement dispute. That agreement contained the usual grievance and arbitration provisions.
The union invoked the arbitration process on an issue involving a decision by Chief of Police on staffing, claiming that the Chiefs action violated the ratio of inside positions of the last half shift. The City responded that the staffing decision was based on budgetary considerations, and by clinging to the old staffing ratio, the union was forcing it to squander limited police resources and contravened the public safety.
After full briefing and an evidentiary hearing, the arbitrator found that the City had indeed violated the collective bargaining agreement, and further rejected the City’s claim that statutory authority and/or public policy permitted the personnel staffing change.
*464 DISCUSSION
As the Appeals Court stated yesterday in School Committee of Chicopee v. Chicopee Educational Association, No. 10-P-387),[1] “[i]t is a well-settled principle of law that arbitration awards are subject to a narrow scope of review, and that ‘[a]bsent fraud, errors of law or fact are not sufficient grounds to set aside an [arbitration] award.’ Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990). The strong public policy favoring arbitration requires us to uphold an arbitrator’s decision even where it is wrong on the facts or the law, and whether it is wise or foolish, clear or ambiguous.’ Boston v. Boston Police Patrolmen’s Assn., 443 Mass. 813, 818 (2005). Consistent with the limited scope of arbitral determinations, the Supreme Judicial Court recently cautioned that a court ‘should not. .. undertake] what in effect [is] an independent, de novo evaluation of the evidence before the arbitrator.’ School Committee of Lowell v. Robishaw, 456 Mass. 653, 665 n.11 (2010).”
Moreover, as the Supreme Judicial Court has declared: “[there] is a strong public policy favoring the arbitration of disputes, particularly in the context of collective bargaining agreements [such that the] courts generally follow the rule that the arbitrator’s decision should be upheld.” Sheriff of Suffolk County v. Jail Officers & Employees of Suffolk County, 451 Mass. 698 (2008). “Absent fraud, errors of law or fact are not sufficient grounds to set aside an award.” City of Lynn, 435 Mass. 54, 61-63 (2001). Here, the City alleges that G.L.c. 41, Section 97A was violated by the arbitrator when he ruled that contractual language required certain police staffing levels. But when a statute is subordinate to a collective bargaining agreement (as is the case here), the agreement — not the law — controls. The City’s citation of numerous cases are all well distinguished in the union’s brief and the Court adopts the reasoning in that pleading. (See pages 10-13.)
This Court is sympathetic to the plight of a Police Chief who simply wants to properly manage his department to provide the maximum degree of public safety for his citizens. This goal should be paramount, and the union should so respect that public safety concern. Instead, however, I am constrained by appellate court precedent to uncomfortably affirm the arbitrator’s award. The City and the union did, for better or worse at one point, lawfully negotiate under G.L.c. 150E, Section 6 the staffing requirement at issue here. The City also agreed — again, for better or worse — to submit any grievance about that staffing issue to arbitration. Both the City and the union participated in that arbitration process.
Now, the City is disappointed with the result. But its remedy lies not in a judicial forum, but in the political process. This Court is constrained by the agreement between the City and the union, and declines to inject itself into such an affray. The arbitration award does not violate the law; it must be upheld.
ORDER
For the foregoing reasons, the City’s motion for summary judgment must be DENIED; correspondingly, the defendant union’s motion to confirm the arbitration award is ALLOWED. Judgment shall, therefore, enter for the defendant union.

It bears noting that the Appeals Court vacated the arbitration award in the Chicopee case because the source and limit of the arbitrator’s authority were both in question. That case is unlike here, however, where the authority of the arbitrator derived entirely from the collective bargaining agreement.