Fabricant, Judith, J.
INTRODUCTION
This action seeks judicial review of an arbitrator’s partial award certifying a class for the purpose of arbitration of claims of violation of the Massachusetts Wage Act, G.L.c. 149, §148B. Before the Court is the defendants’ motion to dismiss or, alternatively, to confirm the award. For the reasons that will be explained, the Court will confirm the award.
BACKGROUND
The plaintiffs (respondents in the arbitration) operate businesses providing luxury transportation services. The defendants (claimants in the arbitration) are limousine drivers. The parties entered into written agreements that classified the drivers as independent contractors, and that also provided for arbitration of any disputes through JAMS and under its rules. The drivers brought two separate suits in this Court, alleging that they are employees, not independent contractors, and that the businesses — their alleged employers — deprived them of benefits guaranteed by the Massachusetts Wage Act. The alleged employers[1] responded to those suits with motions to compel arbitration. After the Court allowed that motion in one case, the parties agreed to dismiss the second in favor of arbitration, based on the alleged employers’ agreement that although they “may oppose class certification on any lawful grounds,” they would not “take the position that the Arbitration Agreement itself precludes or limits the ability of an Arbitrator to certify a *301 class.” The drivers’ claims were consolidated before a JAMS arbitrator, who issued a partial award certifying a claimant class.[2] Relying on a JAMS rule authorizing immediate judicial review of class certification, the alleged employers brought this action seeking such review.
DISCUSSION
Judicial review of an arbitration award, whether under the Massachusetts Arbitration Act, G.L.c. 251, §12(a), or the Federal Arbitration Act, 9 U.S.C. §10(a), is exceedingly narrow. A reviewing court is “strictly bound by an arbitrator’s findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing ... Absent fraud, errors of law or fact are not sufficient grounds to set aside an award . . . Even a grossly erroneous [arbitration] decision is binding in the absence of fraud . . . An arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference.” Lynn v. Thompson, 435 Mass. 54, 61-62 (2001) (internal quotations and citations omitted). See Nat’l Cas. Co. v. First State Ins. Group, 430 F.3d 492, 496 (1st Cir. 2005) (review of arbitration awards is “extremely narrow and exceedingly deferential”); Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000) (“Arbitral awards are nearly impervious to judicial oversight”); Boston Housing Auth. v. National Conference of Firemen & Oilers, Local 3, 458 Mass. 155, 161 (2010); Weiner v. Commerce Ins. Co., 78 Mass.App.Ct. 563, 565-66 (2011).
Among the few grounds that would warrant disturbing an arbitration award is that the arbitrator exceeded her authority. G.L.c. 251, §12(a)(3). Interpretation of a contract between the parties, including its arbitration clause, is well within the arbitrator’s authority. Jock v. Sterling Jewelers, Inc., 646 F.3d 113, 123 (2d Cir. 2011); Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., Inc., 407 Mass. 1006, 1007 (1990). An erroneous interpretation of the arbitration clause is not an excess of authority; it is merely an error of law, not subject to judicial review. Id. An arbitrator exceeds her authority, however, if she imposes class certification based not on an interpretation of the arbitration agreement as allowing that procedure, but instead on application of a superceding public policy established in state law. See AT&T Mobility LLC v. Concepcion, 563 U.S. _, slip op., at 13, 131 S.Ct. 1740, 1750 (April 27, 2011), citing Stolt-Nielsen S.A. v. Animalfeeds Int’l Corp., 559 U.S. _, slip op., at 22, 130 S.Ct. 1758, 1773-76 (April 27, 2010) (arbitrator exceeds authority “by imposing class procedures based on policy judgments rather than the arbitration agreement itself or some background principle of contract law that would affect its interpretation”).
That is what plaintiffs contend that the arbitrator did here. Defendants disagree, contending that the arbitrator’s decision rests on her interpretation of the arbitration agreement, ,and thus falls squarely within her authority. Having carefully reviewed the arbitrator’s decision, the Court agrees with defendants.[3]
The arbitrator’s eleven-page decision recites that she heard argument on the issue of class certification, and then additional argument, requested by the arbitrator, “in the wake of’ the Supreme Court’s decision in AT&T Mobility LLC v. Concepcion, 563 U.S. _, 131 S.Ct. 1740. The decision then states that the arbitrator “must construe the arbitration clause to determine as a threshold matter if the arbitration may proceed on behalf of or against a class.” After quoting the arbitration clause nearly in its entirety, the arbitrator observes that, although it does not mention class arbitration, it is “broadly written,” including statutory as well as other claims, and that it provides for construction pursuant to Massachusetts law. She then refers to the various statutory means of enforcement of the Wage Act, including a civil action brought by an aggrieved individual as a class representative. The arbitrator proceeds to note the Massachusetts public policy favoring class actions for private enforcement of certain statutes, citing Feeney v. Dell, Inc., 454 Mass. 192, 200 (2009). She concludes that “[t]he arbitration clause should be construed to provide the Claimants access to the statutory right to bring the claims in arbitration ‘in his own name and on his own behalf, or for himself and for others similarly situated.’ To close off this avenue would thwart the purpose of the statute. M.G.L.c. 149, sec. 150.”[4] The decision then goes on to consider the propriety of class proceedings on the facts presented, concluding that class certification is warranted.
The arbitrator’s reasoning, as the Court understands it from her decision, may be summarized as follows. The agreement neither expressly prohibits nor expressly authorizes class proceedings. The arbitrator must therefore discern the intent of the parties on the issue from terms that do not address it directly, considered in the context of the surrounding circumstances. Among those surrounding circumstances is the backdrop of Massachusetts law, which the parties designated as the basis of interpretation. A clue to the parties’ intent appears in the broad scope of the arbitration clause, which extends to claims under Massachusetts statutes, including statutes that expressly authorize enforcement through class proceedings. Based on these considerations, the arbitrator concludes that the parties intended to authorize class arbitration of claims under statutes that authorizes class proceedings, when deemed appropriate by a JAMS arbitrator, pursuant to JAMS rules. She thus construes the agreement as authorizing class proceedings for the dispute before her.
Such reasoning is, by its nature, an exercise in contract interpretation, not the imposition of a super-ceding public policy in contravention of the contract. *302 See Jock, 646 F.3d at 123. Whether this Court agrees with the arbitrator’s reasoning, or would interpret the agreement as she did, is of no significance. What matters is whether the arbitrator acted within her authority. The Court concludes that she did. Accordingly, the Court will confirm the arbitrator’s partial final award.
CONCLUSION AND ORDER
For the reasons stated, Defendants’ Motion to Dismiss Plaintiffs’ Complaint, Confirm Arbitrator’s Class Certification “Award” and Order Sanctions is ALLOWED insofar as it seeks confirmation, and otherwise DENIED.[5] JUDGMENT shall enter confirming the arbitrator’s “Partial Final Award on Claimant’s Motion for Class Certification.”

For clarity, and without intending any conclusion or ruling on the point, the Court will at times refer to the plaintiffs here, who are respondents in the arbitration and were defendants in the earlier court actions, as the alleged employers.

The arbitrator is a retired judge of this Court.

Defendants argue also that the application for judicial review is premature, in the absence of a final award on the merits of the drivers’ claims; that the language of the agreement precludes review except on grounds amounting to corruption; and further, that the plaintiffs have waived the argument they now assert by agreeing not to argue that the arbitration clause precludes class certification. The Court will not address these issues, since it concludes that the arbitrator did not exceed her authority.

In a footnote, the arbitrator observed that “[i]t appears that Respondents recognized this construction of the arbitration clause,” based on the agreement described supra.

The Court has some sympathy for defendants’ perception that plaintiffs have attempted to renege on their agreement not to take the position that the arbitration clause precludes class proceedings, but perceives in that effort no basis for sanctions.