Leibensperger, Edward P., J.
This matter comes before the court on the parties’ cross motions for *121 summary judgment. Plaintiffs seek to have an arbitration award against them in the amount of approximately $48 million vacated. Defendants seek to have the award continued. The action is brought under the Massachusetts Uniform Arbitration Act, G.L.c. 251, §§11 and 12.[1]
BACKGROUND
The underlying dispute is a claim by defendants, James Sutow and Jane Sutow (“the Sutows”) that plaintiffs, Family Endowment Partners, L.P. (“FEP”) and Lee P. Weiss, provided investment advice that was grossly negligent, fraudulent, a breach of fiduciary duty, and in violation of federal and state law. The Sutows assert that in the period 2010 to 2012, FEP and Weiss placed the Sutows’ investments in imprudent, unsuitable and fraudulent investments. They also claim that FEP and Weiss mismanaged their account and made fraudulent statements to them.
The relationship between the Sutows and FEP commenced in December 2009, when they entered into a Financial Planning and Investment Advisory Agreement (“the Agreement”). The Agreement includes a provision (¶21) entitled “Governing Law, Jurisdiction and Arbitration.” The relevant subsections are (a) “This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts, excluding its conflicts of laws provisions”; and (c) “Unless otherwise agreed by the parties, any dispute, claim or controversy between the parties arising out of or related to this Agreement or the performance of the parties hereunder, shall be resolved by arbitration before the American Arbitration Association, in accordance with the rules then in effect of the American Arbitration Association. Any award rendered in any such arbitration shall be binding and enforceable against the parties hereto.”
In July 2013, the Sutows initiated a Demand for Arbitration before the American Arbitration Association (“AAA”). On September 16, 2013, FEP and Weiss answered the Demand for Arbitration and asserted counterclaims. Neither FEP nor Weiss objected to proceeding with the arbitration or to the jurisdiction of the AAA. In his Thirteenth Affirmative Defense, Weiss, only, stated, “[c]laimants’ Demand is barred because Weiss is not a party to the Agreement.” Yet FEP and Weiss proceeded to assert a counterclaim “pursuant to the applicable AAA Rules” against the Sutows. Among the counterclaims is Count V wherein FEP and Weiss expressly “seek a declaration that they have fulfilled all of their contractual obligations to the Sutows.”
The parties proceeded in the arbitration process. The arbitration trial took place over thirteen days before an arbitrator jointly chosen by the parties, Philip S. Cottone. On April 14, 2015, Mr. Cottone issued the Award of Arbitrator. As referenced, the award was in favor of the Sutows in the amount of approximately $48 million. The counterclaims by FEP and Weiss were denied. The present action to vacate the award of the arbitrator was filed on May 13, 2015.
DISCUSSION
FEP and Weiss filed this timely action to vacate the award. They contend that the arbitration award “shall be vacated” pursuant to two of the five statutory grounds that require a court to vacate an arbitration award: G.L.c. 251, §12(a)(2) and (3). Subsection (2) requires the court to vacate the award if there was evident partiality by the arbitrator or corruption by the arbitrator or misconduct prejudicing the rights of a parly. Subsection (3) requires the court to vacate the award if the arbitrator exceeded his powers. Each ground for vacating the award will be discussed in turn.
I. Was There Evident Partiality by the Arbitrator or Other Misconduct?
The sum and substance of the claim by FEP and Weiss of evident partiality is that Mr. Cottone knew counsel for the Sutows as a fellow professional in the field of securities arbitration. No claim of actual corruption or misconduct is asserted. There is no claim of a financial or even a social relationship between the two men. Instead, the argument by FEP and Weiss is that because the two attorneys had previous professional interactions, there was evident partiality of the arbitrator.
First, the fact that the two attorneys had professional interactions was fully disclosed to FEP and Weiss and waived by them. In the Notice of Appointment of the Arbitrator, Mr. Cottone disclosed that he had previously conducted three mediations, the last in 2005, in which counsel for the Sutows represented a party. Notwithstanding that disclosure, FEP and Weiss elected to proceed with Mr. Cottone. Then, at the start of the arbitration trial, Mr. Cottone disclosed that he had seen Sutows’ counsel from time to time at meetings of the “Plaintiffs Investors Arbitration Bar Association.”[2] With that disclosure, FEP and Weiss were requested to acknowledge their acceptance of Mr. Cottone as the arbitrator. Counsel for FEP and Weiss responded, “No objection whatsoever.”
Next, it appears that FEP and Weiss investigated further after they received the adverse arbitration award (an investigation they could have done at the time of the arbitrator’s appointment). They point to the facts that (1) in 2012, the Sutows’ counsel gave a presentation on LIBOR to a meeting of the Greater Delaware Valley Associates of Conflict Resolution at which the arbitrator attended, and (2) Mr. Cottone and the Sutows’ counsel authored separate articles that were published in a 2005 continuing legal education manual by the Pennsylvania Bar Institute entitled “Prosecuting and Defending Customer Clients Against Stockbrokers.”
I find that the claim of “evident partiality” is completely unsubstantiated. First, the professional inter *122 actions between Mr. Cottone and counsel for the Sutows were adequately disclosed. FEP and Weiss had no objection. Moreover, mere professional interaction between two members of a specialized area of the bar, without more, does not begin to suggest evident partiality. Bernstein v. Gramercy Mills, Inc., 16 Mass.App.Ct. 403, 413 (1983) (no basis to vacate award on “partiality” ground where arbitrator had professional interactions with counsel for a party). The attempt by FEP and Weiss to vacate the award, after agreeing to Mr. Cottone as an arbitrator with knowledge of his professional contacts with counsel for the Sutows, fails.
Finally, FEP and Weiss point to Mr. Cottone’s 14-page, single-space, Award of Arbitrator as evidence that Mr. Cottone was partial. I have read carefully the Award of Arbitrator. I see no evidence of bias or unfair treatment towards FEP and Weiss. It is hypocritical, at best, for a losing party in a trial to which he fully submitted his defenses and claims in the hope of victory, to claim bias when he loses.
II. Did the Arbitrator Exceed His Powers?
FEP and Weiss contend that the arbitrator exceeded his powers in three ways: (1) He found them in violation of two Pennsylvania statutes, and awarded treble damages under a Pennsylvania statute when the Agreement states that it “shall be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts, excluding its conflicts of laws provisions”; (2) He awarded treble damages notwithstanding the provision of the Agreement stating, “(i]n no event shall any of the Advisor Parties be held liable for any special, consequential, or incidental losses or damages”; (3) He exercised jurisdiction over Weiss to find him personally liable, jointly and severally with FEP, even though Weiss is not a named parly to the Agreement. These challenges to the arbitration award by FEP and Weiss must be evaluated under the standard for review of an arbitration award.
The Supreme Judicial Court in City of Lynn v. Thompson, 435 Mass. 54, 61-62 (2001), articulated the standard for review:
Unlike our review of factual findings and legal rulings made by a trial judge, we are strictly bound by an arbitrator’s findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing. “A matter submitted to arbitration is subject to a very narrow scope of review. Absent fraud, errors of law or fact are not sufficient grounds to set aside an award.” “Even a grossly erroneous [arbitration] decision is binding in the absence of fraud.” “An arbitrator’s result may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet, it may not be subject to court interference.” (Citations omitted.)
That said, an arbitrator’s authority derives from the parties’ contract. Superadio Limited Partnership v. Winstar Radio Productions, LLC, 446 Mass. 330, 337 (2006). “An arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement ... by awarding relief beyond that to which the parties bound themselves ... or awarding relief prohibited by law.” Id. at 334, quoting Plymoth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990).
1. Application of Pennsylvania Statutes
The first argument by FEP and Weiss is that the arbitrator exceeded his authority under the Agreement when he applied two Pennsylvania statutes (the Pennsylvania Securities Act and the Pennsylvania Unfair Trade Practice and Consumer Protection Law) even though the Agreement states that it is to be governed by Massachusetts law. This argument fails when the language of the Agreement is examined. The arbitration provision is much broader than the choice of law provision.
The choice of law provision requires the application of Massachusetts law only with respect to construing and enforcing the terms of the Agreement. In contrast, the arbitration provision applies to “any dispute [or] claim” that is “related to” the Agreement. Thus, a tort claim for fraud, breach of fiduciary duly or a claim that FEP and Weiss violated Pennsylvania statutes is beyond what is limited by the choice of law provision but is well within the scope of arbitration as a claim “related to” the Agreement but not one arising under the Agreement. Moreover, the Agreement contemplates that the conduct of FEP and Weiss is subject to compliance with federal and state laws. In T24(e) of the Agreement the following is stated: “Nothing in this Agreement shall constitute a waiver of any rights the Client may have under applicable federal or state law.” That recognition is repeated in ¶8 of the Agreement: “Notwithstanding the foregoing provisions, federal and state securities laws impose liabilities under certain circumstances on persons who act in good faith, and nothing herein shall constitute a waiver or limitation of any rights which the Client may have under any federal or state securities laws.” Accordingly, the arbitrator was well within the authority granted by the Agreement to apply the Pennsylvania statutes in resolving the dispute.
2. The Award of Treble Damages
Having determined that the arbitrator acted within the authority granted by the Agreement, the court is bound by the standard of review set forth in City of Lynn v. Thompson, supra. The arbitrator awarded treble damages on a portion of the Sutows’ recovery under the Pennsylvania Unfair Trade Practice and Consumer Protection Law. The arbitrator’s interpretation and application of the Pennsylvania statute is beyond my review.
FEP and Weiss argue, however, that the Agreement prohibits the award of treble damages. If so, the arbitrator acted outside of the authority granted by the *123 Agreement The short answer to this argument is that a review of the Agreement shows that treble damages for a tort-based claim are not precluded by the contract.
FEP and Weiss point to ¶8 of the Agreement entitled “Limitation of Liability.” Towards the end of that paragraph is the following: “In no event shall any of the Advisor Parties be held liable for any special, consequential, or incidental losses or damages.” FEP and Weiss contend that that limitation precludes “treble” or “punitive” damages. The express language of the limitation provision of the Agreement does not, however, mention “treble” or “punitive” damages. Moreover, FEP and Weiss cite no Massachusetts law to suggest that “special, consequential or incidental” damages for a tort-based claim precludes treble damages imposed by statute or punitive damages. In fact, Massachusetts law is to the opposite. See, e.g., Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 550 (1995). Absent authority to read into the Agreement a limitation that is not expressly stated, the court ■will not do so. Finally, as referenced above, the Agreement expressly contemplates the application of federal and state statutes that, in the case of the Pennsylvania Unfair Trade Practice and Consumer Protection Law, according to the arbitrator, allows for treble damages. The arbitrator did not exceed his authority by the award of treble damages.
3. The Award Against Weiss
Finally, Weiss argues that the arbitrator’s award as to him must be vacated because he is not a party to the Agreement. That contention is, itself, subject to interpretation of the Agreement by the arbitrator. In the Limitation of Liabilities provision (18), quoted above, the Agreement expands “Adviser Parties” to include FEP “and its respective members, officers, employees and agents.” In the next paragraph (¶9), the “Adviser Parties" (which, undisputedly includes Weiss) are made parties to obtain an indemnification promise from the Client. Finally, the arbitration provision (¶21) requires any dispute “between the parties” to be submitted to arbitration, without distinction between the “Adviser” or the “Adviser Parties.” It was reasonable for the arbitrator to construe the Agreement so as to include Weiss as a party to the arbitration provision.
In addition, Weiss fully participated in the arbitration as a party. With knowledge that the Sutows were making claims against him, individually, Weiss never objected to the arbitration process[3] and litigated on his own behalf for thirteen trial days. Most importantly, Weiss asserted counterclaims against the Sutows in the arbitration and was content to have the arbitrator decide the fundamental questions of the entire dispute between the parties. By his participation, Weiss waived any argument that the Sutows’ claims against him were not subject to arbitration. Farnsworth v. Towboat Nantucket Sound, Inc., 790 F.3d 90, 93 n.1 (1st Cir. 2015); Conn. Tech. Development Co. v. University of Connecticut Education Properties, Inc., 102 F.3d 677, 685 (2d Cir. 1996).
CONCLUSION
For the reasons stated above, the motion for summary judgment to confirm the Award of Arbitrator, dated April 14, 2015, American Arbitration Association No. 14-20-1300-0979, by defendants, James Sutow and Jane Sutow, is ALLOWED. Plaintiffs’ motion to vacate the Award of Arbitrator is DENIED. Judgment to enter in favor of James and Jane Sutow confirming the Award of Arbitrator.

 In their Complaint, plaintiffs also seek to vacate the award under the Federal Arbitration Act, 9 U.S.C. §10(a). In their memoranda, plaintiffs abandon any claim under the Federal Arbitration Act and, at oral argument, counsel expressly withdrew the claim under the Federal Arbitration Act.

 transcript of Arbitration Hearing, November 12, 2014, p. 7. It appears likely that the transcript is in error regarding the name of the organization. FEP and Weiss submit an attendance list of the 2009 Annual Meeting of the Public Investors Arbitration Bar Association at which both Mr. Cottone and the Sutows’ counsel are listed among the 220 attendees.

 While Weiss asserted a Thirteenth Affirmative Defense stating “[c]laimants’ Demand is barred because Weiss is not a party to the Agreement,” Weiss did not formally object to or seek judicial relief to bar arbitration of the claims against him.