NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-958

PERSONAL BEST KARATE, INC.

vs.

JOHN A. MOSCA & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendants, John A. Mosca and Barbara A. Mosca (the Moscas), appeal from a Superior Court judge's final judgment confirming an arbitration award issued to the plaintiff, Personal Best Karate, Inc. (PBK Inc.).  The Moscas argue that even though they failed to respond to contractually mandated arbitration, the judge was required to consider whether the noncompete restriction within the franchise agreement was unconscionable.  We affirm.

Background.  Personal Best Karate of Norwood, Inc. (PBK Norwood) and PBK Inc. entered into a franchise agreement (Agreement) granting PBK Norwood the right to operate a karate

_____

[1] Barbara A. Mosca.  Defendants Personal Best Karate of Norwood, Inc., and Mosca Village Martial Arts, Inc., both owned by the Moscas, are not parties to this appeal.

school as a franchisee of PBK Inc.[2]  The Agreement[3] required the parties to attempt to resolve all disputes, other than demands for equitable relief, by proceeding first with formal negotiation, followed by mediation, and then by arbitration as a final resort.[4]  In 2019, PBK Inc. received notice from the Moscas' counsel that they were terminating their business relationship with PBK Inc. due to an alleged breach of contract. PBK Inc.'s counsel responded with a letter contesting the Moscas' breach of contract claims and requesting that the Moscas contact her to address the dispute.

After receiving no response from the Moscas, PBK Inc. filed a demand for arbitration against PBK Norwood and the Moscas with the American Arbitration Association.  In its demand, PBK Inc. alleged that the Moscas materially breached the Agreement by changing their karate studio's name from PBK Norwood to Mosca

---

[2] The Moscas personally guaranteed the Agreement on behalf of PBK Norwood.

[3] The parties first signed the Agreement in 2006.  The parties renewed it on October 15, 2011, and again on December 4, 2016.  The 2016 Agreement is controlling in this case.

[4] The Agreement provides, in pertinent part, "[i]f the parties have not resolved a claim, controversy or dispute by negotiation, mediation, or otherwise . . . or if a claim, controversy or dispute arises subsequent to the termination or expiration of this Agreement, such claim, controversy or dispute shall be referred to Arbitration in accordance with the Commercial Arbitration Rules and Mediation Procedures . . . . If such Rules are in any way contrary to or in conflict with this Agreement, the terms of this Agreement shall control."

Village Martial Arts and by violating the noncompete provision through their misuse of PBK Inc.'s intellectual property and social media platforms. PBK Inc. estimated the dollar amount of its claim to be $70,000. PBK Norwood and the Moscas were duly noticed of the arbitration proceedings but neither participated nor submitted documents. Furthermore, the Moscas failed to challenge either the requirement to arbitrate or the authority of the designated arbitrator to hear the dispute.

The arbitrator issued an interim award on November 20, 2019, in which she found the Moscas were in default of the Agreement and ordered the Moscas to cease operations. The arbitrator also prohibited the Moscas from operating a competing business for two years and awarded PBK Inc. $95,847.40, as well as attorney's fees. On December 9, 2019, the arbitrator issued a final award in the amount of $13,724.90, stating that the Moscas' purported termination of the Agreement for cause was merely a fabricated claim to absolve them of their contractual obligations. The Moscas failed to file an application to vacate the arbitration award.

PBK Inc. filed a complaint in Superior Court on January 16, 2020, to confirm the arbitration award against the Moscas. Shortly thereafter, the Moscas and PBK Norwood each filed suggestions of bankruptcy and the proceedings were stayed. PBK Inc. filed a motion for relief from the automatic stay, and the

3

Bankruptcy Court granted limited relief from it; the Superior Court then issued an order lifting the stay on August 30, 2021. PBK Inc. filed a motion to confirm the arbitration award, and the Moscas thereafter filed an opposition and reply memorandum. The motion judge then issued an order and final judgment confirming the arbitration award.

Discussion. 1. Legal framework. Arbitration agreements in Massachusetts are governed by the Massachusetts Arbitration Act, G. L. c. 251, §§ 1-19. The court's review of an arbitration award is narrow. See Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 793 (2016). "Courts inquire into an arbitration award only to determine if the arbitrator has exceeded the scope of his authority, or decided the matter based on 'fraud, arbitrary conduct, or procedural irregularity in the hearings.'" Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990), quoting Marino v. Tagaris, 395 Mass. 397, 400 (1985).

General Laws c. 251, § 11, provides that "[u]pon application of a party, the court shall confirm" an arbitration award unless "grounds are urged for vacating or modifying or correcting the award" as set forth in G. L. c. 251, §§ 12 and 13. See Kauders v. Uber Techs., Inc., 486 Mass. 557, 569-570 (2021) ("The use of 'shall' [in G. L. c. 251, § 11] is mandatory").

4

We review de novo the judge's decision to confirm the arbitration award subject to the same principles. Massachusetts Highway Dep't v. Perini Corp., 79 Mass. App. Ct. 430, 436 (2011).

2. Motion to confirm arbitration award. a. Thirty-day limit. The Moscas argue that the judge erred by declining to resolve their claim that the noncompete provision in the Agreement is unconscionable. PBK Inc., however, contends that the Moscas waived any arguments pertaining to the validity of the noncompete provision by failing to timely challenge the arbitration award. Any challenge to an arbitration award must be brought within thirty days of the receipt of the award. See G. L. c. 251, §§ 12 (b) and 13 (a). "The thirty-day limit during which action must be commenced to vacate or modify an award [is] strictly construed." Lumbermens Mut. Cas. Co. v. Malacaria, 40 Mass. App. Ct. 184, 192 (1996), citing Bernstein v. Gramercy Mills, Inc., 16 Mass. App. Ct. 403, 408-409 (1983). In the case at hand, the final award was issued on December 9, 2019, and the Moscas failed to seek relief within the strict thirty-day limit imposed by G. L. c. 251, §§ 12 (b) and 13 (a). The judge did not err by confirming the arbitration award based on the Moscas' failure to adhere to the thirty-day timeframe.

b. Bases for vacating an arbitration award. While we may affirm solely on the grounds that the Moscas failed to adhere to

5

the thirty-day time limit, we note that the Moscas fare no better on their substantive challenge to the arbitrator's award. In reviewing the basis for an arbitrator's award, the court "is strictly bound by an arbitrator's findings and legal conclusions, even if they appear erroneous, inconsistent, or unsupported by the record at the arbitration hearing." Lynn v. Thompson, 435 Mass. 54, 61 (2001), cert. denied, 435 U.S. 1131 (2002).  General Laws c. 251, § 12 (a) provides five limited bases for vacating an arbitration award:  (1) the award was procured by fraud; (2) the arbitrators evidenced partiality; (3) the arbitrators exceeded their powers; (4) sufficient cause was shown to postpone the arbitration hearing and the arbitrators unfairly refused to do so; and (5) no arbitration agreement ever existed.  The Moscas do not advance any of these bases on appeal; nor are any of these grounds evident to us on our review of the record.

Instead, the Moscas argue that the noncompete provision of the Agreement is unconscionable, and resultingly, the Superior Court should have determined whether the Agreement was unconscionable or returned the matter to the arbitrator for further proceedings.[5]  "Under Massachusetts law, [t]o prove that

[5] The Moscas fail to cite any case law or record cites in support of their unconscionability claim, and resultingly, this claim does not rise to the level of appellate argument.  See

6

the terms of a contract are unconscionable, a plaintiff must show both substantive unconscionability (that the terms are oppressive to one party) and procedural unconscionability (that the circumstances surrounding the formation of the contract show that the aggrieved party had no meaningful choice and was subject to unfair surprise" (quotations and citation omitted). Machado v. System4 LLC, 471 Mass. 204, 218 (2015). The Moscas' argument implicitly recognizes that their claim of unconscionability could have been submitted to and determined by the arbitrator when PBK Inc. first sought arbitration, and they do not point to, nor do we see anything in the arbitration clause that suggests otherwise. Having forfeited their right to present evidence of substantive and procedural unconscionability before the arbitrator, the Moscas are not entitled to a de novo review in the Superior Court. As explained above, the court is strictly bound by the arbitrator's findings and legal conclusions. See Lynn, 435 Mass. at 61.

We also note that the Moscas' unconscionability challenge is not aimed toward the agreement to arbitrate, and thus, the court may not address it. See Emmanuel v. Handy Techs., Inc., 992 F.3d 1, 11 (1st Cir. 2021) ("because the basis of [the

Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Oggiani v. Chief Justice of the Trial Ct., 476 Mass. 1016, 1017 (2017).

7

plaintiff's] unconscionability challenge is not directed specifically to the agreement to arbitrate . . . we may not address it" [quotations and citation omitted]).[6]  See also Boursiquot v. United Healthcare Servs. of Delaware, Inc., 98 Mass. App. Ct. 624, 630 (2020).

3.  Appellate costs and fees.  PBK Inc. requested that for pursuing this appeal, the Moscas be sanctioned pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), and G. L. c. 211A, § 15.  In our discretion, under these provisions we may award double costs and attorney's fees "when the appeal is frivolous, immaterial, or intended for delay."  Avery v. Steele, 414 Mass. 450, 455 (1993).

We agree that the Moscas' appeal is frivolous and allow PBK Inc.'s request for appellate fees and costs.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019); Avery, 414 Mass. at

---

[6] The Moscas rely on Productora E Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826 (1978) (Productora), to support their contention that their failure to appear at arbitration had no bearing on the court's obligation to consider whether the unchallenged facts in this case constituted a legitimate cause of action.  In Productora, the Supreme Judicial Court held that after a default judgment, the court remains obligated to assess whether unchallenged facts establish a legitimate cause of action because a party in default does not admit conclusions of law.  Id. at 834-835.  Productora is substantially dissimilar from the case at bar given that, here, there was no default judgment entered in the trial court.  See id.  Moreover, the Moscas cite no authority, and we do not discern any authority, that supports applying the holding of Productora to an action to confirm an arbitration award.  See id.

455 ("An appeal is frivolous [w]hen the law is well settled, when there can be no reasonable expectation of a reversal . . . . The determination whether an appeal is frivolous is left to the sound discretion of the appellate court" [quotations and citations omitted]).  In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), PBK Inc. may, within fourteen days of the issuance of this memorandum and order, submit an application for attorney's fees and costs with the appropriate supporting materials.  The Moscas shall have fourteen days thereafter to file a response to that application.

Conclusion.  The judgment confirming the arbitration award is affirmed, and PBK Inc. may timely submit an application for attorney's fees and double costs.

Judgment affirmed.

By the Court (Milkey, Sacks & Smyth, JJ.[7]),

Clerk

Entered:  July 26, 2024.

---

[7] The panelists are listed in order of seniority.

9